SHELPMAN *v.* SHELPMAN.

Opinion delivered April 10, 1922.

1. DIVORCE—CUSTODY OF CHILD.—A decree awarding to a divorced husband the custody of an infant daughter will be upheld where it appears that the father is able and willing to furnish a home and other advantages to the child, while the mother is not so situated.

2. DIVORCE—ALIMONY.—A court has power to award alimony to a divorced wife, even where the divorce is granted on the husband's complaint.

3. DIVORCE—ALIMONY.—Where the original decree gave the wife custody of a child and $60 a month alimony, and was subsequently modified by giving the child to the husband, it was not improper, in the modified decree, to fix alimony at $40 a month, in view of his financial ability.

Appeal from Independence Chancery Court; *Lyman F. Reeder,* Chancellor; affirmed.

*Samuel M. Casey,* for appellant.

Under the circumstances of this case, although this court has held that alimony may be allowed a wife where the divorce was granted at the suit of appellant (88 Ark. 302) it would be wrong to compel appellant to contribute to his divorced wife's support. Ann. Cas. 1915-C p. 1252; 106 N. E. 428; 128 N. W. 649.

The custody of a child as between parents living apart is determined solely with respect to the best interests of the child. *Jackson* v. *Jackson,* 151 Ark. 9.

*Lewis Rhoton,* for appellee.

McCULLOCH, C. J. The parties to this appeal were formerly husband and wife, but were divorced by a decree of the chancery court of Independence County, rendered January 1, 1920, on complaint of the husband charging misconduct on the part of the wife.

There were two children, issue of the marriage, a boy and a girl, and the court in the divorce decree awarded the custody of the boy to the father, and awarded the custody of the girl to the mother. The court also awarded the wife alimony in the sum of sixty dollars per month. There was no appeal from that decree.

The present proceeding was instituted by petition of the husband in the chancery court of Independence County to modify the former decree by awarding the custody of the girl to him and to strike out the allowance of alimony.

It is alleged in the petition, as grounds for modification of the former decree, that the defendant resides in the city of Little Rock, where she had taken the child with her, and that she had been guilty of such misconduct and was so neglectful of the welfare of the child that she was not a fit person to have the child in her custody, and that the probation court at Little Rock had awarded the custody of the child to the plaintiff.

There was an answer to the petition, in which the defendant denied the charges of misconduct on her part or neglect of the welfare of the child, and she asked that the former decree be modified by increasing the allowance of alimony to the sum of seventy-five dollars per month.

The cause was heard by the court on oral testimony, which has been properly preserved in the record and brought up for our consideration, and the former decree was modified by awarding the custody of the girl to the plaintiff, but providing that the defendant should have the right of receiving the children for a visit during one month of each year.

The former decree in regard to alimony was also modified so as to reduce the amount of the monthly payments to the sum of forty dollars.

The court also made an additional order requiring the plaintiff to pay the accumulated delinquent installments under the former decree.

Each party has appealed.

The testimony is somewhat voluminous, and the witnesses are numerous, embracing close relatives of the parties, and their friends.

Testimony was adduced tending, with considerable force, to show that the defendant is not a fit person to have the custody of the girl child, and that she is not so situated in her life in Little Rock that she can afford a proper home for the child. This testimony is denied, however, and there are witnesses in Little Rock who testified that defendant's conduct is above reproach and that she is altogether capable of taking proper care of the child and of properly rearing her. It is unnecessary to state this evidence in detail, for it would serve no useful purpose to do so.

We are convinced, as the chancellor seems to have been, that the father is so circumstanced as to be able to give a better home and sanctuary to the child than is the mother, and that it is to the best interests of the child that she should be with her father.

Defendant is living in the city of Little Rock, where she is engaged as a professional nurse. She has no home of her own to offer to the child. The plaintiff resides in the city of Batesville, where he has a residence of his own, and his mother keeps house for him. The evidence tends to show that he is able, financially and otherwise, to afford the best advantages to his children, and that he is, under the circumstances, the proper person to have the custody of both of the children.

The fact that the two children can, under these circumstances, reside together is not without considerable force in determining the question of the custody of the girl. In order to support this part of the decree of the chancery court it is not necessary to find that the defendant has been guilty of misconduct which involves her moral character, though there is some testimony tending to show that she has been associating with and receiving attentions from a certain undivorced married man in Little Rock.

The decree awarding the custody of the girl to the plaintiff may well be based solely upon the ground that the defendant is not so situated that she can furnish a home and other advantages to the child, while the plaintiff is abundantly able and is willing to do so.

There was, as before stated, no appeal from the former decree, and we are not called on to review the decision of the chancery court allowing alimony to the defendant, notwithstanding the fact that she was the guilty party and the divorce was granted on account of her misconduct. The court had the power to award alimony, even where the divorce was granted on the complaint of the husband. *Pryor* v. *Pryor,* 88 Ark. 302.

We have now only to deal with the question of reduction of the amount of alimony. The proof shows that the amount awarded under the modified decree is not out of proportion to the financial ability of the plaintiff to pay, and that the award is not excessive. The fact that the custody of the daughter has been taken away from the defendant does not necessarily afford ground for holding that the further continuance of the award of alimony was erroneous.

It does not appear that the court originally allowed alimony solely on the ground that the custody of the child was awarded to defendant. The proof shows that the plaintiff was then, as now, financially able to contribute to the support of his wife, and the court, in reducing the amount, may have taken into consideration the fact that the defendant no longer had to support the child. It was, at least, proper for that to be taken into consideration.

The proof shows that the defendant receives a very small income from her professional activities and earns scarcely enough to live on, whilst the plaintiff is in good circumstances and is drawing a liberal salary.

The defendant does not complain of the reduction made by the court, but the complaint as to that part of the decree comes from the plaintiff, who contends that the award should have been stricken out altogether.

We cannot say, under the evidence, that it was improper for the court to continue the alimony for the reduced amount.

The decree is therefore affirmed on both appeals.